**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4324**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL GREENE, a/k/a Mike,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:09-cr-00039-FDW-DCK-5)

───────────

Submitted:  September 25, 2012         Decided:  March 7, 2013

───────────

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

───────────

James B. Craven III, Durham, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Greene was convicted of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and less than 500 grams of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846, 851 (West 1999 & Supp. 2012), and one count of conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (2006).  He was sentenced to life imprisonment. Counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for review but raising for the Court's consideration:  (1) the sufficiency of the evidence and (2) the ineffectiveness of counsel.  Counsel subsequently filed a supplemental brief asserting that Greene's sentence was in error based on the rule announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).  The Government filed a brief addressing the Simmons issue and Greene filed a pro se supplemental brief raising several issues.  While we affirm the convictions, we find that Greene's life sentence violates the rule announced in Dorsey v. United States, 132 S. Ct. 2321 (2012), and vacate the sentence and remand for resentencing.[1]

---

[1] Dorsey was issued after Greene was sentenced but during the pendency of this appeal.

2

A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In evaluating sufficiency of the evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

We conclude that there was substantial evidence to support both convictions. The evidence in support of the convictions came from law enforcement and several of Greene's co-conspirators. In addition, there was evidence of wiretaps, weapons seizures, DNA and drug analysis that offered clear

3

support for the guilty verdicts.  There was more than sufficient evidence showing that Greene voluntarily agreed to engage in a conspiracy to distribute drugs and to commit a robbery. Accordingly, we affirm the convictions.

When Greene was sentenced it was believed that he faced a statutory maximum sentence of life imprisonment.  After sentencing, the Supreme Court issued Dorsey, which held that the more lenient penalties of the Fair Sentencing Act ("FSA") applied to pre-FSA offenders who were sentenced after the Act's effective date.  Dorsey, 132 S. Ct. at 2331.  Because Greene was sentenced after the Act's effective date for conduct that occurred prior to enactment, the Act applies to him.  Greene was found guilty of conspiracy to distribute at least 50 grams of crack cocaine and 500 grams of cocaine.  Under the amended version of 21 U.S.C.A. § 841(b)(1)(A), Greene's statutory maximum sentence is forty years' imprisonment.  We conclude, therefore, that Greene's sentence must be vacated and remanded to the district court for resentencing.  We note, however, that we find no error in the Guidelines' calculations and the court's findings regarding Greene's total offense level and criminal history category.[2]

_____

[2] Because we are remanding for resentencing under the rule announced in Dorsey, the Simmons issue raised by counsel in his first supplemental brief is rendered moot.

4

We have reviewed the issues raised in Greene's pro se supplemental brief and find them without merit. Greene's ineffective assistance of counsel claim is not cognizable on direct appeal. Such claims are not reviewable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

Accordingly, we affirm the convictions and vacate the sentence and remand for resentencing in accordance with the rule announced in Dorsey. In accordance with Anders, we have reviewed the record for other meritorious issues and have found none. Greene has filed a motion to replace counsel and assign a new appointed counsel and his counsel has filed a motion to withdraw, both of which we deny.[3] We dispense with oral argument because the facts and legal contentions are adequately presented

---

[3] We acknowledge that Greene's counsel has filed a second supplemental brief concerning newly discovered evidence. We take no position on this issue, recognizing that Greene has filed a motion for a new trial in the district court concerning this same evidence. It is appropriate for the district court to address the issues raised in the motion in the first instance.

in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
